CRÉDITO Y AHORRO PONCEÑO, Plaintiff and Appellee, *v.* J. Moisés Colón, Defendant and Appellant.

No. 4120.   Argued February 3, 1927.—Decided February 25, 1927.

*Carlos J. Torres* for the appellant.   *Francisco Parra Capó* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The complainant in this case caused the marshal to attach credits belonging to the defendant in the hands of the Municipality of Adjuntas. In a motion directed to the District Court of Ponce the defendant set up that he was building a school house of 12 rooms and that the marshal had attached moneys belonging to him in the hands of the said municipality and that he needed the money to pay for the materials and labor involved in the building of said school. The court decided the motion against him and the defendant appealed.

The complainant and appellee moves to dismiss the appeal because, while certain papers have been certified up to us, including the amended complaint in the case, the defendant has failed to certify the motion for attachment to secure the effectiveness of the judgment and the return of the marshal which would show what that officer did.

Paragraph 3 of the motion of the defendant said that in the return of the marshal he said that he had attached $2,300 of the credit which the defendant J. Moisés Colón had against the Municipality of Adjuntas in favor of the defendant for the construction of a school in that place. From the record and the minutes of the court that have been certified to us it appears that the motion was submitted to the court and so submitted by virtue of said motion and a stipulation to the effect that the complainant and appellee should later

present a brief. Under the circumstances it sufficiently appears that the marshal actually attached property in the hands of the Municipality of Adjuntas and if we had any serious doubts we should permit the appellant to certify the return.

The court below, in disposing of the motion of the defendant, said that by virtue of section *246 et seq.* of the Code of Civil Procedure the complainant had a right to attach any property unless it was exempted by law; that the defendant had not alleged that the money attached was needed for the construction of the schoolhouse, nor that by reason of the attachment the said defendant had to suspend the construction of the said school, and that the court only knew that certain property of the defendant had been attached in the hands of the Municipality of Adjuntas. The court then said that the cases cited by the defendant were not applicable. The case of *Lamboglia* v. *The School Board of Guayama,* 15 P.R.R. 299, was sought to be distinguished on the ground, as we understand it, that a schoolhouse already constructed or in process of construction ought not and could not be attached because such attachment would be against public policy, but that there were courts that permitted attachments (garnishments) against school districts, in accordance with the statutes that require such an interpretation.

That in the said case it was a schoolhouse that was involved and that the attachment sought to reach rents which the school board needed, not only to take care of that house but also for all of the necessities of the school board; that the case of *Fernández* v. *Oben,* 26 P.R.R. 137, merely approved the doctrine laid down in *Lamboglia* v. *School Board, supra.*

The court said that the present case was a schoolhouse that was being constructed and was not open for teaching, and that the defendant owed a certain amount of money and that his creditor wished to obtain security for the judgment,

and the court asked whether the contractor for public buildings could take materials for the construction of this edifice or schoolhouse and not pay for them or satisfy them in any way, because the money which he was to receive was exempt from execution.

In the *Lamboglia Case, supra,* the writer dissented, as he recalls it, probably because he thought that there was a kind of estoppel against the school board to take the property of the complainant in that case without paying rent, but he never had a doubt of the principle that funds in the hands of school boards and municipalities could not generally be attached. See, for the bearing it may have, the judgment of the District Court of San Juan referred to in our opinion in the case of *Torres* v. *Municipal Court of San Juan,* 35 P.R.R. 347. The *Lamboglia Case,* we think, makes it clear that funds destined for public works can not be attached in the hands of municipalities, with certain exceptions not involved in this case.

It makes no difference that the statutes of Porto Rico do not specifically exempt the funds of a contractor in the hands of a public corporation. This exemption comes from the nature of a body politic and the importance of finishing public works.

The order of the court must be reversed and the writ of attachment quashed.